Martin E. Rosen (108998),
mrosen@barwol.com
Vivian I. Orlando (213833),
vorlando@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendant
Unum Life Insurance Company of America

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE HILL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | **CASE NO.: EDCV08-1102 SGL(AGRx)**<br><br>(Hon. Alicia G. Rosenberg, Magistrate Judge)<br><br>**ORDER RE: STIPULATED PROTECTIVE ORDER**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Complaint Filed: December 6, 2007 |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

c:\temp\notese1ef34\~7628573.doc

Plaintiff Janice Hill and Defendant Unum Life Insurance Company of America (collectively referred to herein as the "parties"), by an through the attorneys of record, hereby stipulate to the following Protective Order regarding certain documents to be produced by Hoag Memorial Hospital Presbyterian ("Hoag"), a non-party in the above-captioned matter:

1.  <u>Designated Material</u>.  Hoag will designate its internal corporate bylaws and potentially certain financial information regarding its financing as "Designated Material" under this Protective Order.  Designated Material shall be "CONFIDENTIAL," and Hoag shall be deemed the "Designating Party" with respect to those designated documents.  Such designation is to be made for the purposes of protecting the above-mentioned information as sensitive, confidential, trade secret, private and/or proprietary information relating to non-party Hoag and its internal operations.  Hoag has represented that such information has not been made public by Hoag and reasonable steps have been taken by Hoag to limit access to such Designated Material to those affiliated with Hoag that need to know such information.

2.  <u>Access</u>.  Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

A.  Designated Material may be disclosed only to "qualified persons," defined as (1) all individual parties and counsel for individual parties to this action and the officers, directors, members, employees, third-party administrators and attorneys representing corporate parties to this action who need to review the material to assist with that party's defense or prosecution of its case, and to prospective witnesses who have agreed in writing to be bound by this Protective Order in the form of an executed Declaration of Compliance, attached hereto as Exhibit "A", and

(2) non-party consultants and experts who have agreed in writing to be bound by this Protective Order in the form of an executed Declaration of Compliance, attached hereto as Exhibit "A."  Hoag will execute a Declaration of Compliance, attached hereto as Exhibit "A", agreeing to be bound by this Protective Order.

B.  <u>Copies</u>.  Copies and extracts may be made by or for the foregoing qualified persons, provided that all copies and extracts are appropriately marked as set forth below in paragraph 2(F).  All copies and extracts of Designated Material are subject to paragraph 2(G) of this Protective Order.

C.  <u>Custody of Designated Material</u>.  All documents containing information designated "CONFIDENTIAL" and notes or other records regarding that information shall be maintained in the sole custody of counsel of record for the parties and Hoag and its counsel, and no partial or complete copies thereof containing Designated Material shall be retained by anyone else at any location, except that each office of the attorney of record may maintain a file for archival purposes, and consultants and experts may retain documents on a temporary basis for purposes of study, analysis and preparation of the case.  A person with custody of Designated Material in this action shall maintain it in a manner that limits access only to those qualified persons identified above in paragraph 2(A).

D.  <u>Authors and Addressees</u>.  The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document.

E.  <u>Declaration of Compliance and Objections</u>.  Prior to disclosing documents as discussed in paragraphs 2(A) through 2(D), counsel for the party disclosing the information will ensure that the qualified person to whom the

documents are to be disclosed has understood and executed the Declaration of Compliance, attached hereto as Exhibit "A". Counsel disclosing the information shall then serve the executed Declaration on counsel for all parties and Hoag, except that service of Declarations signed by designated experts and consultants shall not be made. A copy of the executed Declaration of Compliance with a description of the Confidential Information to be furnished to the qualified person shall be provided to the Designating Party at least two (2) business days prior to the disclosure of Designated Material to such person in order to allow the Designating Party to object to the disclosure. In the event the Designating Party wishes to foreclose access to Designated Material, in whole or in part, to any qualified person, the Designating Party may, upon a showing of good cause, move the Court *ex parte* for an appropriate order precluding access. If the Designating Party intends to make such motion, upon notice, the qualified person shall not be given access to any Designated Material until resolution of the objection by the parties or the Court.

F. <u>Designating Documents</u>. Hoag shall mark all Designated Material that it believes is "CONFIDENTIAL" by placing the word "CONFIDENTIAL" on each page of the document prior to production.

G. <u>Return of Materials</u>. All Designated Material, all material derived from Designated Material and all CONFIDENTIAL documents will be returned to Hoag, upon its request, within thirty (30) days of the conclusion of this litigation. Any materials subject to this Protective Order may be retained by a party only if given the Designating Party's express permission.

3. <u>Designating Depositions</u>

A. Deposition transcripts or portions thereof may be designated as

"CONFIDENTIAL" either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked with the word "CONFIDENTIAL" by the reporter, as the party or non-party seeking to designate the material as confidential may direct, or; (ii) by captioned, written notice to the reporter and all counsel of record for the parties to this action, given within ten (10) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by Hoag.

B.     Where testimony is designated at a deposition, Hoag may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Protective Order.

C.     Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is a qualified person to whom the exhibit may be disclosed under paragraph 2 of this Protective Order and the exhibit and related transcript pages receive the same confidentiality designation as the original material.

4.     Court Procedures

A.     The parties agree that the employees of the Court or the Clerk's office have no duty to the parties to maintain the confidentiality of any information in any papers filed with the Court.

B.     If a party wishes to file with the Court in this matter any papers containing Designated Material, that party shall comply fully with Central District

Local Rule 79-5.1 and any other applicable local and federal rules.  The proposed filing containing Designated Material shall specifically be accompanied by an application to file the papers or portion thereof containing the Designated Material (if such portion is segregable) under seal; and that application shall be directed to the judge whom the papers are directed.  If the document is being filed under seal pursuant to a prior order of the Court, *i.e.* continuing protective order, counsel must submit either a copy of the protective order or, under the case number of the title page, type "Filed Under Seal Pursuant To Protective Order Dated _____."  All submissions of Designated Material subject to the Protective Order shall be submitted to the Court in compliance with the applicable Central District Local Rules or Court Order.  Unless otherwise ordered by the Court, the parties will request that any hearing which may refer to or describe Designated Material be held <u>in camera</u>.  The party using the Designated Material shall take all steps reasonably available to protect its confidentiality during such use and Hoag shall make reasonable efforts to cooperate with counsel for the parties to assist in filing documents under seal as necessary.

C. The parties agree that the procedures for protecting the confidentiality of Hoag's Designated Material at the time of trial will be done in accordance with the Court's instructions, and that the parties will cooperate in complying with such instructions.  The parties agree to make reasonable efforts to notify Hoag of the Court's procedures if Hoag's Designated Material will likely be used at trial and the parties agree to take reasonable steps to attempt to preserve the confidentiality of Designated Material produced by Hoag.

5. <u>Additional Relief</u>

A. Nothing in this Protective Order shall preclude any party from seeking

and obtaining additional or different protection with respect to the confidentiality of discovery. Nothing in this Protective Order shall prejudice any motion to modify this Protective Order or to challenge designation of documents as "CONFIDENTIAL."

  B. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

  6. <u>Modification and Survival</u>. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court. This Stipulation and Protective Order shall survive termination of this action.

Dated: February __, 2009  BARGER & WOLEN LLP

By: _____
  MARTIN E. ROSEN
  VIVIAN I. ORLANDO
  Attorneys for Defendant
  Unum Life Insurance Company
  of America

Dated: February __, 2009  KANTOR & KANTOR, LLP

By: _____
  LISA S. KANTOR
  BRENT BREHM
  Attorneys for Plaintiff
  Janice Hill

IT IS SO ORDERED:  *alicia G. Rosenberg* (signature)

Date: February 11, 2009  _____
  ALICIA G. ROSENBERG
  UNITED STATES MAGISTRATE JUDGE

AGREEMENT TO BE BOUND BY AGREED PROTECTIVE ORDER
AND ORDERS PURSUANT THERETO

I, _____, of _____, in order to be provided access to the Designated Material and/or in order to produce Designated Material in this action, which is the subject of the Protective Order and/or I believe should be subject to the Protective Order in a lawsuit entitled "*Janice Hill, Plaintiff v. Unum Life Insurance Company of America, Defendant*," Case No. EDCV08-1102 SGL(AGRx), pending in the United States District Court, Central District of California (the "Action"), represent and agree as follows:

1. I have been provided with a copy of the Order and have reviewed and am familiar with its terms.

2. With regard to the Designated Material to which I am given access in connection with the Action, and/or Designated Material I will produce in connection with the Action, I agree to be bound by the provisions of the Protective Order as of this date.

3. Further, to the extent that I am given Designated Material, I specifically agree that I will promptly return all copies of the Designated Material to the person from whom I received it upon request by that person.

4. I consent to the exercise of jurisdiction over me by the court with respect to the Order.

Signed: _____

Name: _____

Dated: _____